United States District Court
Southern District of Texas
**ENTERED**
November 17, 2020
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 2:19-CV-206 |
| | § | |
| CHARLES D. GURLEY | § | |

## MEMORANDUM OPINION AND ORDER

Pending before the Court is the Government's Amended Motion for Summary Judgment, filed on February 28, 2020 (D.E. 9).  For the reasons explained below, the Court denies the Government's motion without prejudice.

### I.      JURISDICTION

The Court has jurisdiction over this action pursuant to Article III, § 2 of the United States Constitution and 28 U.S.C. § 1345 because the United States is the Plaintiff.

### II.      FACTUAL AND PROCEDURAL BACKGROUND

The United States ("the Government") initiated this action against Defendant in this Court on July 30, 2019 to collect the debt owed to the Government arising from a promissory note for a student loan.  D.E. 1.  According to the Certificate of Indebtedness from the United States Department of Education ("the Department"), the borrower identified as "Charles D Gurley" executed a promissory note to secure a loan of $950.000 from Kleberg 1st National Bank of Kingsville in Kingsville, TX ("the holder") on or about January 26, 1986.  *See* D.E. 1-1.  The loan obligation was guaranteed by the Texas Guaranteed Student Loan Corporation ("the guarantor") and reinsured by the Department.  *Id.*  The borrower defaulted on January 6, 1991. *Id.*  Due to the default, the holder filed a claim on the loan guarantee, and the guarantor paid the claim in the amount of $1,026.  *See id.*  The Department then reimbursed the guarantor for the

claim payment pursuant to the reinsurance agreement. *See id.* The guarantor attempted to collect the debt from the borrower but was unsuccessful and so assigned its right and title to the loan to the Department on August 6, 1997. *See id.* The Government sought to collect a debt in the amount of $4,174.24, composed of the principal of $1,026.16, interest of $1,963.08, administrative and filing fees of $400.00, and attorney's fees of $785.00.[1] *See* D.E. 1 at 1. Defendant filed an Answer *pro se* on September 5, 2019 in which he disputed the debt because he did not have "any information about this debt." D.E. 3 at 1.

The Government filed a Motion for Summary Judgment on September 9, 2019, asserting that it is entitled to judgment as a matter of law because Defendant has not raised a genuine issue of material fact. D.E. 4 at 1. The Motion sought to collect the initial debt amount plus an additional $75 for the process server fee for a total amount of $4,249.24. *See id.* The Defendant filed another Answer *pro se* on September 18, 2019 in which he asserted two defenses: (1) that he again does not have "any information about this debt," and (2) that the last four numbers of the Social Security Number on the documents included in the Government's Motion for Summary Judgment are not his. *See* D.E. 5. The Court denied the Government's Motion for Summary Judgment without prejudice in an Order entered on September 23, 2019. D.E. 8. The Government filed an Amended Motion for Summary Judgment on February 28, 2020. D.E. 9.

### III.    LEGAL STANDARD

A party is entitled to summary judgment "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). The "party seeking summary judgment always bears the initial responsibility of informing the district

---

[1] Prejudgment interest accrues at $0.22 per day, or 8.00% per annum. D.E. 1 at 1.

court of the basis for its motion, and identifying those portions of [the record] which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The Court does not "weigh the evidence and determine the truth of the matter" but instead determines whether there is a genuine issue for trial. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). "Material facts" are those necessary to establish the elements of a party's cause of action. *Id.* at 248. A "genuine" dispute of material fact exists if, in viewing the record and all reasonable inferences drawn therefrom in a light most favorable to the non-moving party, a reasonable fact-finder could return a verdict for the non-moving party. *Id.*; *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587–88 (1986).

## IV.    DISCUSSION

In its Amended Motion for Summary Judgment, the Government again asserts that it is entitled to judgment as a matter of law because Defendant has not raised a genuine issue of material fact. D.E. 9 at 1. The Government argues that it has established a prima facie case that (1) the Government is the owner and holder of the Promissory Note, (2) that Defendant signed the Promissory Note, (3) that a default occurred in payment of the Promissory Note, and (4) that the principal amount of the Promissory Note and pre- and post-judgment interest are owed to the Government. *See* D.E. 9-7 at 2. The Government now seeks relief in the amount of $6,378.79, composed of the principal of $1,026.16, interest of $2,252.63 (as of February 20, 2020), administrative and filing fees of $400.00, process server fees of $75.00, and attorney's fees of $2,625.00. D.E. 9 at 1; D.E. 9-1 at 1.

As part of its Amended Motion, the Government provides a signed affidavit from a loan analyst of the Department who attests that he is "familiar with the file regarding Charles D. Gurley," and "officially state[s]" that, according to Department records, Defendant owes the

Government the amount set forth in the Amended Motion.  *See* D.E. 9-1 at 1.  The affidavit describes four exhibits.  Exhibit A is the Certificate of Indebtedness.  D.E. 9-2.  Exhibit B is the Promissory Note and Disclosure Statement from the Texas Guaranteed Student Loan Corporation ("Promissory Note").  D.E. 9-3.  The Promissory Note was signed by the borrower "Charles D Gurley" on January 26, 1986 for a loan of $950.00 from Kleberg 1st National Bank of Kingsville.  *Id.* at 1.  Exhibit C is a computer screenshot of the Debt Information screen from the Department that shows the payments received by the Department and the original holder of the Promissory Note.  D.E. 9-4; *see also* D.E. 9-1 at 2.  Exhibit D is a computer screenshot of the Financial Transaction screen from the Department that shows the money received by the Department for the Promissory Note.  D.E. 9-5; *see also* D.E. 9-1 at 2.  Both Exhibits C and D list the borrower as "Charles D Gurley" with the last four digits of a Social Security Number. *See* D.E. 9-4 at 1; D.E. 9-5.[2]  In addition, the Government provides the deposition transcript of Defendant from November 22, 2019.  D.E. 9-8.

The Government asserts that Defendant must "produce evidence that he is not indebted to the United States or that he is not the proper defendant in this action."  D.E. 9-7 at 2–3. However, the filings of a *pro se* litigant must be liberally construed.  *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Coleman v. United States*, 912 F.3d 824, 828 (5th Cir. 2019); *see also* Fed. R. Civ. P. 8(e) ("Pleadings must be construed so as to do justice").  The Court therefore liberally construes Defendant's arguments raised in his second Answer that still apply to the present motion.

---

[2] The Government previously filed Exhibit A with the Complaint, *see* D.E. 1-1, and previously filed Exhibits B, C, and D with its first Motion for Summary Judgement, *see* D.E. 4-6; D.E. 4-7; D.E. 4-8.  The Government filed the Certificate of Indebtedness of a different person as Exhibit A for its first Motion for Summary Judgment.  *See* D.E. 4-5.

Defendant's first argument is that he does not have any information about the alleged debt.  *See* D.E. 5.  During the deposition of Defendant on November 22, 2019, Defendant testified that he attended Texas A&I University (now Texas A&M University – Kingsville) from fall 1984 through spring 1987.  D.E. 9-8 at 6:5–17.  Defendant testified that he was on a track scholarship that covered his tuition.  *See id.* at 7:15–8:1.  The Government's counsel presented Defendant with a copy of the Promissory Note during the deposition, but Defendant testified that he had not seen the Promissory Note before this suit: "This is the first time I seen it was when I got it from y'all.  I've never seen it, that I know of."  *See id.* at 8:2–5.  Defendant did not have any documents to show that his education was paid in whole or in part by a track scholarship.  *See id.* at 8:7–19.  The Government seems to assert that this lack of documentation is a basis to question the veracity of Defendant's statement.  *See* D.E. 9-7 at 4–5.  However, Defendant gave this testimony under oath and the Government does not present any evidence to challenge Defendant's testimony.  The Government does not indicate that it made any effort to contact the university to verify whether Defendant had a track scholarship.

The Government also asserts that Defendant "did recognize his signature on the promissory note" during the deposition.  *Id.* at 5.  This assertion is completely misleading.  During the deposition, the Government's counsel characterized the signature on the Promissory Note as "your signature" when questioning Defendant, to which Defendant responded with "my signature" in the form of a question.  *See* D.E. 9-8 at 7:3–4.  The Government's counsel failed to ask direct questions about the signature—counsel never directly asked Defendant if he had signed the Promissory Note, if he recognized the signature on the Promissory Note, or if the signature on the Promissory Note was his.  Defendant never affirmed that the signature on the Promissory Note was his, and the Government does not present any supporting evidence such as

a fact witness familiar with Defendant's signature or a document that Defendant signed around the same time that the Promissory Note was signed in 1986 for comparison.

Defendant's second argument is that the last four numbers of the Social Security Number on the documents provided by the Government are not his. *See* D.E. 5. The only documents with a Social Security Number are Exhibits C and D, both of which show the last four digits of a Social Security Number. *See* D.E. 9-4 at 1; D.E. 9-5. The Government responds that "just one number [is] incorrect" and that "transposed social security numbers are not a defense to promissory note cases" when the elements of a suit on a promissory note are shown as in the present case. *See* D.E. 9-7 at 3. The Government does not sufficiently respond to this argument. The deposition does not address the issue of the Social Security Number, and the Government does not provide Defendant's actual Social Security Number in any filings, even under seal, for the Court to resolve this issue.

Based on the evidence presented, the Court finds that a genuine dispute of material fact still exists as to whether Defendant signed the Promissory Note at issue in this case. The Court in construing Defendant's arguments liberally and in viewing the record and drawing all reasonable inferences therefrom in the light most favorable to Defendant, finds that a reasonable finder of fact could return a verdict in favor of Defendant.

## V.      CONCLUSION

For the foregoing reasons, it is ORDERED that the Government's Amended Motion for

Summary Judgment (D.E. 9) is DENIED without prejudice.


SIGNED and ORDERED this 17th day of November, 2020.

_____
Janis Graham Jack
Senior United States District Judge